UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4910-CAS (AGRx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SHAWN SOCOLOFF V. LRN CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Freda Tjoarman                                    Joshua Rodine
Geniene Stillwell

**Proceedings:**  **PLAINTIFF'S MOTION TO REMAND** (Docket #11, filed July 24, 2013)

**DEFENDANT'S MOTION TO COMPEL ARBITRATION** (Docket #10, filed July 16, 2013)

## I.   INTRODUCTION

On May 22, 2013, plaintiff Shawn Socoloff filed this action in the Los Angeles County Superior Court against defendant LRN Corporation ("LRN"). Plaintiff alleges six claims for relief under the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et seq.: (1) failure to reasonably accommodate a physical disability, (2) disability discrimination, (3) retaliation, (4) failure to engage in a timely, good faith, interactive process with an employee with a physical disability, (5) failure to prevent discrimination or retaliation and (6) wrongful termination in violation of public policy.

Defendant removed the action to this Court on July 9, 2013. Subsequently, on July 16, 2013, defendant moved to compel arbitration and stay the proceedings. Plaintiff filed an opposition on July 29, 2013, and defendant filed a reply on August 5, 2013. Plaintiff also moved on July 24, 2013 to remand this action to the Los Angeles County Superior Court. On August 5, 2013, defendant filed their opposition to the motion to remand, and on August 12, 2013, plaintiff filed their reply. Both motions are presently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4910-CAS (AGRx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SHAWN SOCOLOFF V. LRN CORPORATION ET AL. | | |

## II.   BACKGROUND

Plaintiff was hired by LRN as a "Contracts Specialist" beginning in 2009. Plaintiff alleges that, after receiving low scores on his 2010 performance review, he disclosed to his supervisors that he has Aspergers syndrome, a disability affecting his ability to participate in social interactions. From 2010 through 2012, plaintiff allegedly sought reasonable accommodations for his disability, with mixed success. In early 2013, however, LRN terminated plaintiff's employment. Defendant states that it terminated plaintiff "because it determined that he was not a good fit with the [defendant] as he did not embrace LRN's philosophy." Pl.'s Mot. at 4. Plaintiff, by contrast, contends that he was fired because of his disability, and brought this suit under California anti-retaliation and anti-discrimination law.

## III.   LEGAL STANDARD

### A.   Motion to Remand

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

### B.   Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4910-CAS (AGRx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SHAWN SOCOLOFF V. LRN CORPORATION ET AL. | | |

500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24 (1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279F.3d 889, 892 (2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. ---- ,131 S. Ct. 1740, 1746 (2011).

## IV. DISCUSSION

Because this Court requires subject matter jurisdiction in order to hear defendant's motion to compel arbitration, the Court first turns to plaintiff's motion to remand this action to state court.

### A. Plaintiff's Motion to Remand

Plaintiff argues that defendant has not met its burden of showing that the parties are diverse under 28 U.S.C. § 1332. In particular, he claims that defendant's Notice of Removal does not allege sufficient facts to establish the citizenship of either LRN or himself. Plaintiff does not argue that he and LRN are not diverse—only that defendant has not met its burden of showing diversity.

Plaintiff is correct that the party seeking removal—here, LRN—bears the burden of establishing this Court's subject matter jurisdiction. See Prize Frize, Inc., 167 F.3d at 1265. Here, however, defendant has met that burden. In its Notice of Removal, LRN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4910-CAS (AGRx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SHAWN SOCOLOFF V. LRN CORPORATION ET AL. | | |

states that it is a citizen of Delaware and New York, while plaintiff is a citizen of California.

Plaintiff contests the adequacy of these contentions. As to LRN, he labels its statements about its own citizenship "conclusory" and questions the absence of declarations or other support in the Notice of Removal. As to himself, he argues that the Notice of Removal only alleges that he resides in California, not that he is domiciled in California; domicile, he points out, is what determines citizenship.

The Court, however, is not confined to the Notice of Removal when assessing subject matter jurisdiction. Instead, the Court may also consider "summary-judgment-type evidence." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Here, defendant attached to its opposition a declaration from its Chief Financial Officer, affirming that defendant is incorporated in Delaware and has its principle place of business in New York. Decl. of Ron Charow ¶¶ 3–4. Likewise, plaintiff's complaint states that he is an "individual residing in the State of California." Compl. ¶ 3. Plaintiff's residence is "prima facia" evidence of his domicile, and thus of his citizenship. Schwarzer, et al. § 2:1251. In the absence of any rebuttal from plaintiff—such as a declaration that he is domiciled in a state other than California—defendant has carried its burden of showing diversity. The Court thus finds that it has subject matter jurisdiction over this action.

### B. Defendant's Motion to Compel Arbitration

The Court next turns to defendant's Motion to Compel Arbitration. The contractual basis for this motion is the "Mutual Agreement to Arbitrate Claims" ("MAAC"), attached as Exhibit D to the Declaration of Michael Cutuli. Plaintiff appears not to dispute that the MAAC—if valid—would require that his case be submitted to arbitration.

Instead, plaintiff resists arbitration on the straightforward grounds that he never agreed to the MAAC in the first place. Plaintiff claims that, although he signed a number of documents when beginning his employment with LRN, he never saw or signed the MAAC. Decl. of Shawn Socoloff ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4910-CAS (AGRx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SHAWN SOCOLOFF V. LRN CORPORATION ET AL. | | |

Defendant offers little evidence to rebut plaintiff's declaration. Most importantly, it has not submitted a copy of the MAAC signed by plaintiff. And plaintiff avers that his personnel file does not contain a signed MAAC. Decl. of Geniene B. Stillwell ¶ 3. Furthermore, defendant does not offer any witnesses who can testify from personal knowledge that plaintiff signed the MAAC. Defendant does present several other signed employment documents referencing the MAAC but these documents are of limited probative value given the lack of any direct evidence that plaintiff signed the MAAC.

Consequently, this motion turns on the disputed factual question of whether plaintiff accepted the MAAC. In resolving this factual dispute, this Court applies "'a standard similar to the summary judgment standard of [Federal Rule of Civil Procedure 56].'" Nguyen v. Barnes & Noble, Inc., 2012 WL 3711081, at *2 (C.D. Cal. Aug 28, 2012) (quoting Concat LP v. Unilever, PLC, 350 F. Supp. 2d. 796, 804 (N.D. Cal. 2004)). Here, the record before the court is fairly limited. Plaintiff has offered his declaration that he never saw or signed the MAAC. Defendant counters that it is their policy to require new hires to sign the MAAC, but it has not produced a signed MAAC or submitted declarations to directly contradict plaintiff. On this record, the Court cannot find that "there is no genuine issue of material fact concerning the formation of an arbitration agreement." Concat LP, 350 F. Supp. 2d. at 804.

In order to resolve the factual dispute over whether plaintiff agreed to the MAAC, the court therefore finds it appropriate to continue this matter for 45 days to enable the parties to conduct limited discovery on the following issues:

1. Whether or not plaintiff was ever provided the MAAC for review and/or signature.

2. If plaintiff did sign the MAAC, why the signed copy of the MAAC is unavailable.

At the conclusion of this discovery, the parties may submit additional evidence on these factual questions, to be submitted by October 16, 2013. At that time, the motion will stand submitted, and the Court will consider whether either party has shown that the Court should find as "a matter of law that the parties did or did not enter into [an arbitration agreement]." Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc., 925 F.2d 1136, 1141 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4910-CAS (AGRx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SHAWN SOCOLOFF V. LRN CORPORATION ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion to remand. The Court reserves judgment on defendant's motion to compel arbitration pending further evidentiary submissions. The Court further ORDERS the parties to conduct limited discovery for 45 days on the factual questions discussed above. At the conclusion of this discovery, the parties may submit additional evidence on these factual questions, to be submitted by October 16, 2013. At that time, the motion will stand submitted.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |