UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4910-CAS (AGRx) | Date | November 14, 2013 |
|---|---|---|---|
| Title | SHAWN SOCOLOFF V. LRN CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS): DEFENDANT'S MOTION TO COMPEL ARBITRATION** (Docket #10, filed July 16, 2013)

On May 22, 2013, plaintiff Shawn Socoloff filed this action in the Los Angeles County Superior Court against defendant LRN Corporation ("LRN"). Plaintiff alleges six claims for relief under the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et seq.: (1) failure to reasonably accommodate a physical disability, (2) disability discrimination, (3) retaliation, (4) failure to engage in a timely, good faith, interactive process with an employee with a physical disability, (5) failure to prevent discrimination or retaliation and (6) wrongful termination in violation of public policy.

Defendant removed the action to this Court on July 9, 2013. Subsequently, on July 16, 2013, defendant moved to compel arbitration and stay the proceedings. Plaintiff filed an opposition on July 29, 2013, and defendant filed a reply on August 5, 2013.

In brief, defendants contend that plaintiff was required to sign a "Mutual Agreement to Arbitrate Claims"("MAAC") as part of his hiring process. Plaintiff, by contrast, avers that he never signed a MAAC. By order dated August 19, 2013, the Court found that "the record . . . is fairly limited. Plaintiff has offered his declaration that he never saw or signed the MAAC. Defendant counters that it is their policy to require new hires to sign the MAAC, but it has not produced a signed MAAC or submitted declarations to directly contradict plaintiff." Dkt. 18 at 5. Due to this limited record, the Court concluded that LRN had not produced sufficient evidence for the Court to decide that "'there is no genuine issue of material fact concerning the formation of an arbitration agreement.'" Id. (quoting Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4910-CAS (AGRx) | Date | November 14, 2013 |
|---|---|---|---|
| Title | SHAWN SOCOLOFF V. LRN CORPORATION ET AL. | | |

 Accordingly, the Court deferred ruling on LRN's motion to compel arbitration and directed the parties to conduct limited discovery to determine whether plaintiff had signed a MAAC, and if so, why LRN had not been able to produce it.  On November 13, 2013, the parties each filed supplemental briefs summarizing the results of this discovery.  The Court has reviewed these supplemental briefs, and concludes that LRN has not met its burden of showing a valid agreement to arbitrate.  In particular, LRN's supplemental brief supplies no additional information showing that plaintiff signed the MAAC; instead, LRN reiterates its previous arguments that plaintiff signed other employment documents incorporating the MAAC.

 By contrast, plaintiff has submitted excerpts from the deposition of Rami Vail, a Human Resources contractor who worked for LRN from March 2011 to May 2012.  LRN produced Ms. Vail as their "Person Most Knowledgeable" in response to plaintiff's notice of deposition.  Ms. Vail testified as follows:

> Q: Do you have any firsthand knowledge as to whether Mr. Socoloff signed the mutual agreement to arbitrate claims?
>
> A: I don't.
>
> Q: So you did not see Mr. Socoloff sign the agreement, correct?
>
> A: Correct.
>
> Q: You have not seen a signed agreement that has what purports to be Mr. Socoloff's signature, correct?
>
> A: I don't know.
>
> Q: Have you seen such an agreement?
>
> A: I don't know.
>
> Q: What do you mean you don't know?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4910-CAS (AGRx) | Date | November 14, 2013 |
|---|---|---|---|
| Title | SHAWN SOCOLOFF V. LRN CORPORATION ET AL. | | |

> A: It may have been in his file at some point, and I don't know whether or not I ever saw it.
>
> Q: You have no recollection of having seen it?
>
> A: I don't know.
>
> Q: And did you ever discuss the mutual agreement to arbitrate claims with Mr. Socoloff at any point in time?
>
> A: I did not.

Stillwell Decl. Ex. A at 12:18-13:17 (objections omitted). On this record, the Court is unable to find that plaintiff agreed to arbitrate his claims. Accordingly, LRN's motion to compel arbitration is hereby DENIED.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |