SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Myra B. Villamor (SBN 232912)
mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
LRN CORPORATION

STILLWELL LAW OFFICE, P.C.
Geniene B. Stillwell (SBN 1382323)
gstillwell@stillwelllawoffice.com
Freda Tjoarman (SBN 285995)
freda@stillwelllawoffice.com
384 Forest Avenue, Suite 23B
Laguna Beach, California 92651
Telephone: (949) 494-4744
Facsimile: (949) 494-4734

Attorneys for Plaintiff
SHAWN SOCOLOFF

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN SOCOLOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LRN CORPORATION, a Delaware corporation, and DOES 1 through 100, inclusive,,<br><br>Defendants. | Case No. 2:13-cv-04910-CAS-AGRx<br><br>[*Hon. Christina A. Snyder*]<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER**<br><br>Complaint Filed: May 22, 2013<br>Discovery Cutoff: December 30, 2016<br>Final Pretrial Conf.: March 3, 2017<br>Trial Date: April 11, 2017 |

STIPULATED [PROPOSED] PROTECTIVE ORDER

28972729v.1

Plaintiff Shawn Socoloff ("Plaintiff") and Defendant LRN Corporation ("Defendant), by and through their respective counsel, hereby submit this Proposed Stipulated Protective Order:

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

### 2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.8 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 House Counsel: attorneys who are employees of a Party.

2.10 Counsel: Outside Counsel and House Counsel (as well as their support staffs).

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

1  conversations, or presentations by parties or counsel to or in court or in other settings that
2  might reveal Protected Material.
3      **4.    DURATION**
4      Even after the termination of this litigation, the confidentiality obligations imposed
5  by this Order shall remain in effect until a Designating Party agrees otherwise in writing
6  or a court order otherwise directs.
7      **5.    DESIGNATING PROTECTED MATERIAL**
8      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each
9  Party or non-party that designates information or items for protection under this Order
10 must take care to limit any such designation to specific material that qualifies under the
11 appropriate standards. A Designating Party must take care to designate for protection
12 only those parts of material, documents, items, or oral or written communications that
13 qualify—so that other portions of the material, documents, items, or communications for
14 which protection is not warranted are not swept unjustifiably within the ambit of this
15 Order.
16     Mass, indiscriminate, or routinized designations are prohibited. Designations that
17 are shown to be clearly unjustified, or that have been made for an improper purpose (e.g.,
18 to unnecessarily encumber or retard the case development process, or to impose
19 unnecessary expenses and burdens on other parties), expose the Designating Party to
20 sanctions.
21     If it comes to a Party's or a non-party's attention that information or items that it
22 designated for protection do not qualify for protection at all, or do not qualify for the
23 level of protection initially asserted, that Party or non-party must promptly notify all
24 other parties that it is withdrawing the mistaken designation.
25     5.2    Manner and Timing of Designations. Except as otherwise provided in this
26 Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or
27 ordered, material that qualifies for protection under this Order must be clearly so
28 designated before the material is disclosed or produced.

1  Designation in conformity with this Order requires:

2  (a) for information in documentary form (apart from transcripts of depositions
3  or other pretrial or trial proceedings), that the Producing Party affix the legend
4  "CONFIDENTIAL" at the top or bottom of each page that contains protected material. If
5  only a portion or portions of the material on a page qualifies for protection, the Producing
6  Party also must clearly identify the protected portion(s) (e.g., by making appropriate
7  markings in the margins).

8  A Party or non-party that makes original documents or materials available for
9  inspection need not designate them for protection until after the inspecting Party has
10  indicated which material it would like copied and produced. After the inspecting Party
11  has identified the documents it wants copied and produced, the Producing Party must
12  determine which documents, or portions thereof, qualify for protection under this Order.
13  If only a portion or portions of the material on a page qualifies for protection, the
14  Producing Party also must clearly identify the protected portion(s) (e.g., by making
15  appropriate markings in the margins).

16  *AGR* (b) for testimony given in deposition ~~or in other pretrial or trial proceedings~~, that
17  the Party or non-party offering or sponsoring the testimony identify on the record, before
18  the close of the deposition, hearing, or other proceeding, all protected testimony. When it
19  is impractical to identify separately each portion of testimony that is entitled to
20  protection, and when it appears that substantial portions of the testimony may qualify for
21  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke
22  on the record (before the deposition or proceeding is concluded) a right to have up to 20
23  days to identify the specific portions of the testimony as to which protection is sought.
24  Only those portions of the testimony that are appropriately designated for protection
25  within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

26  Transcript pages containing Protected Material must be separately bound by the
27  court reporter, who must affix to the top of each such page the legend
28  "CONFIDENTIAL."

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. Should the Parties fail to come to an agreement after engaging in the meet and confer process, they will file a joint stipulation as dictated by Civil Local Rules 37-1 and 37-2 [*or contact the CRD to request a discovery conference by telephone or in person.*] [AGR]

Until the court rules ~~on the joint stipulation~~, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1    (d)    the Court and its personnel;

2    (e)    court reporters, their staffs, and professional vendors to whom disclosure is
3 reasonably necessary for this litigation and who have signed the "Agreement to Be
4 Bound by Protective Order" (Exhibit A);

5    (f)    any person agreed upon by the parties to serve as a mediator in this
6 litigation.

7    (g)    during their depositions, witnesses in the action to whom disclosure is
8 reasonably necessary and who have signed the "Agreement to Be Bound by Protective
9 Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions
10 that reveal Protected Material must be separately bound by the court reporter and may not
11 be disclosed to anyone except as permitted under this Stipulated Protective Order.

12    (h)    the author of the document or the original source of the information.

13    **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**
14 **PRODUCED IN OTHER LITIGATION**

15    If a Receiving Party is served with a subpoena or an order issued in other litigation
16 that would compel disclosure of any information or items designated in this action as
17 "CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing
18 (by fax, if possible) as soon as possible and in no event more than ten court days after
19 receiving the subpoena or order. Such notification must include a copy of the subpoena
20 or court order.

21    The Receiving Party also must, as soon as possible, inform in writing the Party
22 who caused the subpoena or order to issue in the other litigation that some or all the
23 material covered by the subpoena or order is the subject of this Protective Order. In
24 addition, the Receiving Party must deliver a copy of this Stipulated Protective Order
25 promptly to the Party in the other action that caused the subpoena or order to issue.

26    The purpose of imposing these duties is to alert the interested parties to the
27 existence of this Protective Order and to afford the Designating Party in this case an
28 opportunity to try to protect its confidentiality interests in the court from which the

subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1.

### 11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

any ground to use in evidence of any of the material covered by this Protective Order.

11.3 This Stipulation will become effective immediately when counsel for both Parties have signed it.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: September 27, 2016      SEYFARTH SHAW LLP

By: /s/ *Myra B. Villamor*
Jon D. Meer
Myra B. Villamor
Attorneys for Defendant
LRN CORPORATION

DATED: September 27, 2016      STILLWELL LAW OFFICE, P.C.

By: /s/ *Geniene B. Stillwell*
Geniene B. Stillwell
Freda Tjoarman
Attorneys for Plaintiff
SHAWN SOCOLOFF

IT IS SO ORDERED.
DATED: 9/28/2016

*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

9
STIPULATED [PROPOSED] PROTECTIVE ORDER

28972729v.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Shawn Socoloff v. LRN Corporation*, Case No. 2:13-cv-04910-CAS-AGRx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

_____        _____
Printed Name                                                    Signature